UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
MIRELA HINTERMAIER,

            Plaintiff,

   -against-

EQUIFAX INFORMATION SERVICES, LL, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC,

            Defendants.
------------------------------------------------------- X

Index No. 1:24-cv-09697-ALC-RFT

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Amended Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### I. JURISDICTION AND VENUE

**COMPLAINT ¶1:**

Jurisdiction is proper pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶2:**

Venue is proper under 28 U.S.C. § 1391(b) as Plaintiff resides in New York, and Defendants conduct substantial business within this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax also admits that it is registered to conduct business in the State of New York. Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## II. PARTIES

**COMPLAINT ¶3:**

Plaintiff Mirela Hintermaier is a natural person residing in New York, NY, and is a "consumer" as defined under 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the Fair Credit Reporting Act ("FCRA").

**COMPLAINT ¶4:**

Defendant Experian Information Solutions, Inc. is a consumer reporting agency headquartered at 475 Anton Blvd., Costa Mesa, CA 92626.

317699904v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant Equifax Information Services, LLC is a consumer reporting agency headquartered at 1550 Peachtree St. NW, Atlanta, GA 30309.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶6:**

Defendant TransUnion LLC is a consumer reporting agency headquartered at P.O. Box 2000, Chester, PA 19016-2000.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### III. FACTUAL ALLEGATIONS

**COMPLAINT ¶7:**

On March 27, 2024, Plaintiff's unsecured consumer debts were discharged in Chapter 7 bankruptcy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

3

317699904v.1

**COMPLAINT ¶8:**

On August 19, 2024, Plaintiff's federally held student loans, including those serviced by GLELSI and Nelnet, were discharged pursuant to stipulation and order.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Between April and November, 2024, Plaintiff disputed the continued reporting of discharged accounts as active with balances, delinquencies, and derogatory labels through Defendants' online dispute portals.

**ANSWER:**

Equifax admits that in 2024, it received a letter from Plaintiff and a CFPB complaint submitted by Plaintiff concerning the Apple Card-GS Bank, Capital One, Discover, Lending Club and Department of Education accounts, the contents of which speak for themselves. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶10:**

On September 30, 2024, Plaintiff applied for five $40,000 medical loans to finance urgent dental surgery. All applications were denied. Denial letters (Exhibits I & J) cited adverse factors including:

- High proportion of loan balances to limits;

- Presence of serious delinquencies and collection accounts;

- Excessive trade lines with balances or recent delinquencies;

- Ongoing bankruptcy reporting and insufficient payment history. Plaintiff's FICO®08 score was 649 at the time.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or

takes out of context the contents of the documents referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

The denials were not based solely on the bankruptcy itself, but on Defendants' failure to update reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶12:**

On October 12, 2024, Plaintiff mailed certified dispute letters enclosing the bankruptcy discharge orders and stipulations. Despite receipt and the passage of over five months, Defendants' credit reports as of March 25, 2025, continue to display incorrect balances, delinquency notations, and 'Potentially Negative' labels—demonstrating an ongoing failure to correct known inaccuracies.

**ANSWER:**

Equifax admits that on October 18, 2024, it received a letter from Plaintiff concerning the Apple Card-GS Bank, Capital One, Discover, Lending Club and Department of Education accounts, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

As a result, Plaintiff was unable to pursue further financing. With no access to care in the U.S., Plaintiff sought treatment abroad, incurring elevated health risks, worsened dental degeneration, and severe aggravation of chronic migraines and anxiety disorders (Exhibits B–H). In addition to Plaintiff's urgent dental needs, Plaintiff was also diagnosed with a medically significant deviated septum, requiring corrective surgery, as documented by two ENT specialists (Exhibit G). The estimated cost of this procedure exceeds $25,000 in the United States. Although the $40,000 loan Plaintiff sought was intended specifically for the urgent dental surgery, the untreated septal deviation further compounded Plaintiff's physical and emotional suffering. Plaintiff has endured persistent breathing difficulties, migraines, and sleep disturbances resulting from the untreated condition. The inability to secure financing due to Defendants' inaccurate

317699904v.1

credit reporting has delayed both procedures, exacerbating Plaintiff's medical and psychological distress, and has forced Plaintiff to consider alternative treatments abroad, despite the elevated risks and logistical burdens associated with such options.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies any and all allegations in this paragraph relating to Equifax. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

### IV. CAUSES OF ACTION

### Count I: Violation of FCRA § 1681e(b) – Failure to Maintain Accuracy

**COMPLAINT ¶14:**

Plaintiff realleges and incorporates paragraphs 1–13 as if fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶15:**

Defendants failed to ensure the maximum possible accuracy of Plaintiff's credit reports, in violation of 15 U.S.C. § 1681e(b), by continuing to report accounts discharged in bankruptcy in a materially misleading manner. Specifically, Defendants maintained entries reflecting original and high balances, pre-discharge delinquency and collection history, and "Potentially Negative" labels, despite the legal discharge of these debts. This reporting falsely conveyed that the accounts remained derogatory or collectible, undermining the accuracy and integrity of Plaintiff's credit profile post-discharge.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶16:**

This form of inaccurate and incomplete reporting materially misled lenders and directly contributed to adverse credit decisions. Courts have recognized that even technically accurate information may violate the FCRA when it creates a misleading impression, as established in *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994), and *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

### Count II: Violation of FCRA § 1681i(a) – Failure to Conduct Reinvestigation

**COMPLAINT ¶17:**

Plaintiff realleges and incorporates paragraphs 1–16 as if fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶18:**

Defendants failed to conduct a reasonable reinvestigation of Plaintiff's disputes, as required under 15 U.S.C. § 1681i(a). Despite receiving multiple disputes submitted through their respective online dispute platforms, and by certified mail accompanied by supporting court documents—including the bankruptcy discharge order and related stipulations—Defendants allowed materially inaccurate information to remain on Plaintiff's credit reports.

**ANSWER:**

Equifax admits that it has received a letter from Plaintiff concerning the Apple Card-GS Bank, Capital One, Discover, Lending Club and Department of Education accounts, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶19:**

The continued reporting of discharged debts with balances, delinquency notations, and derogatory labels persisted well beyond the statutory window for reinvestigation. This failure to timely and accurately update Plaintiff's credit file following notice and evidence of inaccuracy constitutes a clear violation of § 1681i(a), as articulated in *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008), where the court held that failure to correct known inaccuracies following a dispute may result in liability under the FCRA.

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

## V. DAMAGES

**COMPLAINT ¶20:**

As a direct and proximate result of Defendants' willful and negligent violations of the FCRA, Plaintiff suffered the following damages:

   a. Actual Damages: $50,000 per Defendant, totaling $150,000, for five medical loan denials that prevented Plaintiff from securing medically necessary dental surgery, forcing treatment overseas and worsening her physical and psychological health.

   b. Statutory Damages: $2,000 per Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A) ($1,000 per violation).

   c. Punitive Damages: $100,000 per Defendant, as Defendants' conduct constitutes willful disregard of their statutory duties under Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶21:**

Total Damages Sought: $152,000 per Defendant; $456,000 in aggregate.

8

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

## VI. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in the amount of $152,000 per Defendant ($456,000 total);

B. Order Defendants to:

- Remove all payment history and delinquency notations dated after March 27, 2024 (consumer debts) and August 19, 2024 (student loans);

- Update balances on all discharged accounts to $0.00;

- Eliminate "Potentially Negative" designations for discharged accounts already accounted for in the bankruptcy section of the credit report;

C. Grant such other and further relief as the Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

**SECOND DEFENSE**

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

**THIRD DEFENSE**

Subject to proof through discovery, Plaintiff's purported causes of action are barred to the extent that Plaintiff has waived her right to assert the purported claims contained in the Complaint.

**FOURTH DEFENSE**

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not make a direct dispute with Equifax concerning the information alleged in the Complaint.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. 1681h(e).

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and additional relief as the Court deems just and appropriate.

Dated: May 8, 2025                              Respectfully submitted,

                                                SEYFARTH SHAW LLP


                                                By: */s/ Heather H. Sharp*
                                                    Heather H. Sharp, NY Bar No. 4590659
                                                    hsharp@seyfarth.com
                                                    SEYFARTH SHAW LLP
                                                    1075 Peachtree Street, N.E., Suite 2500
                                                    Atlanta, Georgia  30309-3958
                                                    Telephone:  (404) 885-1500
                                                    Facsimile:  (404) 892-7056

                                                *Counsel for Defendant*
                                                *Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2025, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

>Mirela Hintermaier, *plaintiff pro se*
>330 W. 56th Street, Apt. 23M
>New York, NY  10019

>*/s/ Heather H. Sharp*
>Heather H. Sharp
>*Counsel for Defendant*
>*Equifax Information Services LLC*

317699904v.1