IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRELA HINTERMAIER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC;<br><br>　　　　Defendants. | Case No.: 1:24-cv-09697-ALC-RFT |

**DEFENDANT TRANS UNION, LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff's First Amended Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

**JURISDICTION AND VENUE**

1.　Trans Union admits that jurisdiction is proper pursuant to 15 U.S.C. § 1681p.

2.　Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

3.　Trans Union admits the allegations contained in this Paragraph, solely on the representations of Plaintiff.

4.　Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it.

5.　Trans Union denies that the statements contained in this paragraph require a

1

response from Trans Union as they do not constitute allegations asserted against it.

6. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

## FACTUAL ALLEGATIONS

7. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Trans Union admits that it received multiple correspondence, purportedly from Plaintiff, via mail, during the time period alleged, in connection with multiple accounts or tradelines. Trans Union further admits that it contacted the furnisher in connection therewith, and the furnisher verified the reporting as Trans Union noted in its investigation results. Trans Union states that the exhibit(s) or document(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

10. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union states that the exhibit(s) cited speaks for itself. Trans Union denies the

2

remaining allegations of this paragraph, as they apply to Trans Union.

11.   Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

12.   Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 17, 2024 in connection with the multiple accounts or tradelines. Trans Union further admits that it contacted the furnisher in connection therewith, and the furnisher verified the reporting as Trans Union noted in its investigation results. Trans Union states that the exhibit(s) or document(s) cited speaks for itself. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

13.   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## CAUSES OF ACTION

### Count I: Violation of FCRA § 1681e(b) – Failure to Maintain Accuracy

14.   Trans Union reasserts its answers and responses set forth herein.

15.   Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it.

16. Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union states that the case(s) cited speaks for itself. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**Count II: Violation of FCRA § 1681i(a) – Failure to Conduct Reinvestigation**

17. Trans Union reasserts its answers and responses set forth herein.

18. Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19. Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union states that the case(s) cited speaks for itself. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**DAMAGES**

20. Trans Union denies the allegations of this paragraph and its subparts, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union states that the case(s) cited speaks for itself. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief

4

from or against Trans Union.

21. Trans Union denies the allegations of this paragraph, as they apply to Trans Union, and denies the remaining allegations of this require a response, as they do not constitute allegations asserted against it. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR JURY TRIAL

Trans Union admits that Plaintiff demands a jury and objects to the extent that any of the issues demanded are not so triable.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the prayer paragraph of the Complaint, including all subparts.

## DEFENSES

Trans Union pleads the following defenses upon information and belief readily available to it at the time of pleading, without the benefit of discovery or context-specific fact gathering. Trans Union asserts that following defenses are generally ultra vires and pleads the facts available to it at the time of pleading:

1. Without admitting it has a burden of proof on the issue, at all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4. Trans Union at all times acted in compliance with the FCRA.

5. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

6. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of New York.

7. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

8. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

9. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

10. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

    Respectfully submitted,

    *s/ Joshua A. Stiers*
    Joshua A. Stiers, Esq. (NY# 5256177)
    Trans Union, LLC
    555 W. Adams Street
    Chicago, IL  60661
    Telephone: (765) 401-4230
    E-Mail:  joshua.stiers@transunion.com

    *Counsel for Defendant Trans Union, LLC*