UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

MIRELA HINTERMAIER,

                                             Plaintiff,

v.                                               Case No.: 1:24-cv-09697-ALC-RFT

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

TRANS UNION LLC,

                                             Defendants.

_____X

**PLAINTIFF'S MOTION TO STRIKE IMPROPER DENIALS AND AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(f)**

**TO THE HONORABLE COURT:**

      Plaintiff Mirela Hintermaier, appearing *pro se*, respectfully moves this Court pursuant to Rules 8(b), 8(c), and 12(f) of the Federal Rules of Civil Procedure for an Order striking improper denials and legally insufficient affirmative defenses set forth in Defendant Equifax Information Services LLC's Answer to the Amended Complaint.

      Pursuant to Local Civil Rule 7.1(a)(2), Plaintiff respectfully submits this motion together with her memorandum of law incorporated herein.

**I. INTRODUCTION**

1

Defendant Equifax Information Services LLC's Answer contains improper blanket denials under Rule 8(b), along with vague, conclusory, and legally deficient affirmative defenses. These deficiencies undermine the efficient administration of this litigation and fail to comply with federal pleading standards. Accordingly, the challenged portions should be stricken in their entirety pursuant to Rule 12(f).

## II. LEGAL STANDARD

Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See:

- *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) ("Boilerplate affirmative defenses without factual support are insufficient.");

- *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019) (affirmative defenses must meet a threshold level of plausibility).

## III. ARGUMENT

### A. Improper Blanket Denials under Rule 8(b)(5)

Equifax purports to lack sufficient knowledge to admit or deny facts clearly within its possession or control—including the existence of Plaintiff's bankruptcy, the receipt of disputes, and its own reporting practices. Such assertions constitute evasive denials and violate Rule 8(b)(5).

**Supporting Authority:**

- *New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 392 (E.D.N.Y. 2013) ("Denials based on lack of knowledge must be made in good faith and cannot be used to avoid admitting obvious truths.");

- *Robinson v. Sanctuary Record Grps., Ltd.*, 542 F. Supp. 2d 284, 293 (S.D.N.Y. 2008) (striking denials where facts were within the defendant's control).

### B. First Affirmative Defense: Lack of Jurisdiction

Equifax asserts that the Court lacks subject matter jurisdiction, despite this case arising under the Fair Credit Reporting Act, a federal statute.

**Grounds for Striking:**

This defense is legally frivolous and contrary to binding precedent establishing jurisdiction under the FCRA.

**Supporting Authority:**

- *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001) (federal jurisdiction under FCRA is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p);

- *Cushman v. Trans Union Corp.*, 115 F.3d 220, 224 (3d Cir. 1997) (confirming federal jurisdiction for FCRA actions).

### C. Second Affirmative Defense: Failure to Mitigate Damages

Equifax alleges Plaintiff failed to mitigate damages, but fails to articulate any specific conduct that would support such a defense.

**Basis for Striking:**

There is no duty to mitigate where actual damages arise from statutory violations. Additionally, this defense is entirely conclusory and unsupported.

**Supporting Authority:**

- *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (affirmative defenses must allege sufficient facts and not be conclusory);

- *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 611 (7th Cir. 2005) (no duty to mitigate applies where FCRA statutory damages are at issue).

• Ruffin-Thompkins v. Experian Info. Sols., Inc., 422 F.3d 603, 611 (7th Cir. 2005): The court found no duty to mitigate where statutory damages are at issue under the FCRA.

### D. Third Affirmative Defense: Reasonable Procedures

Equifax invokes the statutory language of § 1681e(b) without alleging any specific facts that would constitute a legally sufficient defense.

**Legal Insufficiency:**

This defense merely restates a legal standard and offers no factual support. Moreover, whether Equifax used reasonable procedures is a fact-intensive inquiry, not a proper affirmative defense.

**Supporting Authority:**

- *Gohman v. Equifax Info. Servs., LLC*, 395 F. Supp. 3d 1073, 1081 (D. Minn. 2019) (reasonableness under FCRA is not properly resolved at the pleading stage);

- *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (reasonableness of CRA procedures is a jury question).

### E. Fourth Affirmative Defense: Limitations on Damages under 15 U.S.C. § 1681n

Equifax attempts to narrow Plaintiff's claims by suggesting that recovery under 15 U.S.C. § 1681n is barred in the absence of willfulness, despite the fact that Plaintiff also pleads negligent violations under § 1681o.

**Grounds for Striking:**

This misstates the law and improperly seeks to limit available remedies at the pleading stage.

**Supporting Authority:**

- *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) (interpreting willfulness broadly under § 1681n and preserving claims for negligence under § 1681o);

- *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709–10 (3d Cir. 2010) (plaintiff may pursue both theories simultaneously at the pleading stage).

### IV. EQUIFAX'S REQUEST FOR ADMISSIONS IS PREMTURE AND IMPROPER

Equifax served Rule 36 Requests for Admission prior to any Rule 26(f) conference and before the Court issued a discovery schedule. This violates Rule 26(d)(1), which prohibits discovery before the parties have conferred or the Court has authorized early discovery.

**Legal Authority:**

- *In re Akorn, Inc. Data Integrity Sec. Litig.*, No. 19 C 50274, 2020 WL 5645808, at *2 (N.D. Ill. Sept. 22, 2020) ("Discovery served before a Rule 26(f) conference is improper unless otherwise permitted by the court.")

This tactic burdens Plaintiff and undermines the procedural integrity of the pre-discovery phase. Plaintiff respectfully requests that the Court strike or disregard these Requests for Admission in their entirety.

## V. CONCLUSION

For the foregoing reasons and supporting authority, Plaintiff respectfully requests that this Court:

1. Strike Defendant Equifax's improper use of Rule 8(b)(5) denials;
2. Strike the First, Second, Third, and Fourth Affirmative Defenses as legally insufficient;
3. Strike or disregard Equifax's premature Rule 36 Requests for Admission;
4. Grant such other and further relief as the Court deems just and proper.

Dated: May 12, 2025

Respectfully submitted,

/s/ *Mirela Hintermaier*
Mirela Hintermaier
Pro Se Plaintiff
330 W 56th Street, Apt. 23M
New York, NY 10019
Email: mirela_hm@pm.me
Phone: 212-729-4637