## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MIRELA HINTERMAIER,

                Plaintiff,

       vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
and TRANSUNION, LLC,

                Defendants.

Case No. 1:24-cv-09697-ALC-RFT

### TRANSUNION, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Trans Union, LLC ("Trans Union"), by and through its undersigned counsel, hereby opposes Plaintiff, Mirela Hintermaier's ("Plaintiff") Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) and avers as follows:

### I.      INTRODUCTION

The Second Circuit's approach to motions to strike affirmative defenses, as guided by Federal Rule of Civil Procedure 12(f), emphasizes the importance of allowing defendants the opportunity to fully support their claims during trial after the completion of discovery. Motions to strike are generally <u>disfavored</u> and the standard to prevail is a <u>demanding</u> one. *See Walsh v. City of New York*, 585 F.Supp.2d 555, 557 (S.D.N.Y.2008).

Plaintiff's arguments for striking TransUnion's responses and affirmative defenses lack merit as she fails to identify any denials that violate Rule 8, and she neither establishes the absence of factual or legal questions that could potentially validate Trans Union's affirmative defenses nor alleges any prejudice.

Plaintiff's Motion to Strike should be denied.

## II.     LEGAL ARGUMENT

### A.  Trans Union's Responses to Plaintiff's Allegations Comport with Rule 8.

Plaintiff broadly claims that Trans Union violated "the spirit and letter of Rule 8(b)(5) because it "denies knowledge of allegations that are plainly within its control—such as receipt of Plaintiff's disputes, the content of its own investigation results, and its labelling of discharged accounts." ECF 70, at 2.  Tellingly, Plaintiff does not identify a single paragraph of her Complaint to which Trans Union's response is allegedly deficient. This is because Trans Union has clearly complied with Rule 8's mandates.

Rule 8(b)(1) requires a party responding to a pleading to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B). A statement of lack "of knowledge of information sufficient to form a belief about the truth of an allegation" is permitted, and "has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

With respect to Plaintiff's allegations about her disputes, Trans Union's investigation results, and "the labelling of discharged accounts," Plaintiff blatantly misrepresents Trans Union's Answer, as it actually sets forth specific admissions and denials.  In paragraph 12 of her Amended Complaint, Plaintiff alleges:

> On October 12, 2024, Plaintiff mailed certified dispute letters enclosing the bankruptcy discharge orders and stipulations.  Despite receipt and the passage of over five months, Defendants' credit reports as of March 25, 2025, continue to display incorrect balances, delinquency notations, and 'Potentially Negative' labels—demonstrating an ongoing failure to correct known inaccuracies."

In response, Trans Union states:

> Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 17, 2024 in connection with the multiple accounts or tradelines. Trans Union further admits that it contacted the

furnisher in connection therewith, and the furnisher verified the reporting as Trans Union noted in its investigation results. Trans Union states that the exhibit(s) or document(s) cited speaks for itself. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

Accordingly, Plaintiff's argument is factually incorrect.  And as a legal matter, even had Trans Union responded that it lacked knowledge sufficient to form a belief about the truth of this allegations, its response would nonetheless have complied with of Rule 8(b)(5) because the rule *explicitly permits* this response.  *See Jones v. Equifax Info. Servs. LLC,* 2025 WL 918466, at *6 (S.D.N.Y. Mar. 26, 2025) ("In many of these paragraphs, Experian appropriately states that it lacks knowledge sufficient to form a belief as to the allegations' truth or falsity and otherwise denies them. . . There is nothing wrong with that.").[1]

Accordingly, Plaintiff's challenge to Trans Union's "improper denials" is meritless.

**B.  Trans Union's Affirmative Defenses Are Factually and Legally Sufficient**

Plaintiff's request to strike Trans Union's affirmative defenses likewise must be denied because Plaintiff has not demonstrated that she would succeed regardless of any facts that could be proven in support of Trans Union's defenses and because she has failed to demonstrate prejudice.

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P. 12(f); *see also China Trust Bank of New York v. Standard Chartered Bank, PLC*, No. 96 Civ. 9764, 1998 WL 574391, at *2 (S.D.N.Y. Sept. 4, 1998).  Motions to strike defenses, however,

---

[1]    The cases on which Plaintiff relies are wholly irrelevant, as they do not even discuss the sufficiency of an answer or analyze Rule 8.  *New York v. Mountain Tobacco Co*., 953 F. Supp. 2d 385, 392 (E.D.N.Y. 2013) (considering objections to court's discovery orders*); Robinson v. Sanctuary Record* Grps., Ltd., 542 F. Supp. 2d 284, 293 (S.D.N.Y. 2008) (dismissing complaint for failure to establish damages).

are generally not favored as the parties should have the opportunity to support their contentions at trial. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986). In order to prevail on a motion to strike an affirmative defense, a plaintiff must show that: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019). In evaluating such motions, the Court construes the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made. *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 564 (S.D.N.Y. 1989).

Plaintiff argues, without support, that "most" of Trans Union's defenses are "factually deficient, conclusory, or legally inapplicable." ECF 70 at 3. These baseless allegations fall woefully short of satisfying the standard to prevail on a motion to strike. First, neither the factual nor the legal questions in this matter have been settled. To date, no discovery has been conducted and the parties have not presented their legal arguments through motion practice. Trans Union should be granted a full and fair opportunity to engage in discovery to support its affirmative defenses.

Moreover, Trans Union's affirmative defenses are straightforward and put Plaintiff on notice as to the nature of Trans Union's arguments. *See Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015) ("[T]he plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings."). And, while the Plaintiff has the entire statute of limitations period to gather facts "necessary to satisfy the plausibility standard," the pleader of an affirmative defense only has 21-days to respond

to the original complaint. *See GEOMC Co., Ltd. v. Calmare Therapeutics Incorporated*, 918 F.3d 92, 98 (2d Cir. 2019). Therefore, the facts needed to plead a defense, such as the one here, warrant a "relaxed application of the plausibility standard." *Id.* Based on the appliable caselaw, Trans Union's affirmative defense provide fair notice of the issues involved.

Critically, Plaintiff has also failed to explain how Trans Union's affirmative defenses could prejudice her. Absent a showing of prejudice, the motion to strike must be denied. *See County Vanlines Inc. v. Experian Information Solutions, Inc*., 205 F.R.D. 148, 153 (S.D.N.Y. 2022), *citing American Mach. & Metals, Inc. v. De Bothezat Impeller Co.,* 8 F.R.D. 306, 308–09 (S.D.N.Y.1948) (denying a motion to strike on the ground that the moving party failed to allege "that it would be prejudiced were the attacked allegations permitted to remain").

### C. Trans Union has Not Prematurely Served Requests for Admission on Plaintiff.

Plaintiff asks this Court to strike Trans Union's Requests for Admission ("RFAs") because the parties have not yet engaged in a Rule 26(f) discovery conference. This appears to be a mistake. Trans Union has not yet served any discovery requests on Plaintiff. Accordingly, Plaintiff's argument should be disregarded.

### III.    CONCLUSION

For all of the foregoing reasons, Defendant, Trans Union, LLC, respectfully requests that this Court deny Plaintiff's Motion to Strike.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: June 9, 2025                    *Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew G. Hope, hereby certify that on June 9, 2025, the foregoing document has been electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

**BUCHANAN INGERSOLL & ROONEY PC**

By: *<u>/s/ Andrew Hope</u>*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: June 9, 2025                    *Counsel for Defendant Trans Union, LLC*