UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
MIRELA HINTERMAIER,

            Plaintiff,

  -against-

EQUIFAX INFORMATION SERVICES,
LL, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANSUNION, LLC,

            Defendants.
------------------------------------------------------- X

Case No. 1:24-cv-09697-ALC-RFT

**EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE IMPROPER DENIALS AND AFFIRMATIVE DEFENSES**

Equifax Information Services, LLC, incorrectly named Equifax, Inc. ("Equifax"), by its counsel, hereby responds in opposition (the "Opposition") to Plaintiff's Motion to Strike Improper Denials Affirmative Defenses ("Motion to Strike") (ECF No. 67) and asks this Court to deny Plaintiff's Motion to Strike and grant such other relief as this Court deems proper.

## INTRODUCTION

Plaintiff Mirela Hintermaier ("Plaintiff") filed this case against Equifax to recover damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). In her Complaint (the "original Complaint") (ECF No. 1), Plaintiff alleges that Equifax violated the FCRA by "reporting inaccurate and misleading information" of multiple accounts in her credit file, and failing "to correct the inaccuracies." *See* ECF No. 1, pp. 9-10.

On April 11, 2025, Equifax filed its Answer to Plaintiff's Complaint. (ECF No. 44). In its Answer, Equifax raised defenses related to the Court's jurisdiction, Plaintiff's failure to mitigate her alleged damages, Equifax's reasonable procedures for compliance with the FCRA, and Plaintiff's failure to meet the requirements in order to recover statutory and punitive damages. *Id.*

318283578v.1

Plaintiff filed her First Amended Complaint ("FAC") on April 25, 2025 (ECF No. 51). On May 8, 2025, Equifax filed its Answer to Plaintiff's FAC.  (ECF No. 53). On May 12, 2025, Plaintiff filed her Motion to Strike, seeking relief regarding Equifax's Answer to her Amended Complaint (ECF No. 67).

Motions to strike affirmative defenses are extremely disfavored by this Court. *See Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."); *see also Packard v. City of New York*, No. 1:125-cv-07130, 2018 WL 2229123, at *3 (S.D.N.Y. Apr. 30, 2018) (declining "to further parse through each paragraph of the proposed Answer when to do would waste the Court's time and provide little, if any, value to Plaintiffs [sic] case"). Plaintiff fails to meet her high burden in moving to strike Equifax's Answer and Affirmative Defenses because (a) she has not demonstrated any prejudice that could result from Equifax asserting its Affirmative Defenses, (b) it is premature to strike such defenses at this early stage of litigation, and (c) courts in this Circuit rarely apply the *Twombly/Iqbal* plausibility standard to a defendant's affirmative defenses in its answer.

## LEGAL STANDARD

A defendant need only pled a defense in short and plain terms and "affirmatively state" the defense. Fed. R. Civ. P. 8(b), 8(c). "Federal [c]ourts have discretion in deciding whether to grant motions to strike." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019). This Court generally disfavors motions to strike under Rule 12(f) and grants them "only if there is a strong reason for doing so." *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 1:09-cv-0227, 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013) (internal quotation marks omitted).

"The moving party bears the burden on a motion to strike." *Cadet v. Alliance Nursing Staffing of New York, Inc.*, No. 1:21-cv-03994, 2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023). In *GEOMC Co. v. Calmare Therapeutics, Inc.* 918 F.3d 92 (2d Cir. 2019), the Second Circuit clarified that the

moving party must show three things to prevail on a motion to strike an affirmative defense. First, "there is no question of fact which might allow the defense" to meet the plausibility standard in Twombly/Iqbal. *GEOMC Co.*, 918 F.3d at 96, 98. Second, "there is no question of law which might allow the defense to succeed." *Id*. at 96. And third, "the plaintiff would be prejudiced by inclusion of the defense." *Id.*

While the Second Circuit has held that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense," it recognized that "applying the plausibility standard to any pleading is a 'context-specific' task." *Id.* at 98. For instance, the Second Circuit noted that "[t]he key aspect of the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than a complaint, is at issue." *Id.* This Court has recognized that a "relaxed" plausibility standard applies to affirmative defenses "that turn on facts 'not . . . readily available" and "that require discovery to uncover." *Tal Dagan MD PC v. Resolutions Billing & Consulting, Inc.*, No. 1:24-cv-632, 2024 WL 5089276, at *2 (S.D.N.Y. Dec. 12, 2024).

## ARGUMENT

Equifax's Answer and affirmative defenses comply with the Federal Rules of Civil Procedure at the initial pleadings stage. During the early phase of the litigation, Equifax's Answer appropriately raises affirmative defenses with fair notice. Moreover, the heightened pleading standard outlined in *Twombly/Iqbal* does not apply to affirmative defenses, which Equifax properly set out in short and plain statements sufficient to give Plaintiff fair notice. Finally, Plaintiff has not demonstrated that she would be prejudiced by Equifax's Answer.

Plaintiff argues that Equifax's response that it "lacks knowledge or information sufficient to form a belief as to the truth of the allegations" to unspecified paragraphs of her Amended

3

Complaint is improper. However, Equifax's response was made in good-faith based on the limited information available after being served with the Complaint.

While Plaintiff is attempting to hold Equifax to a heightened pleading standard by claiming Equifax's affirmative defenses are insufficient, Rule 8 makes clear that a defendant is not required to provide detailed facts supporting each defense, but must simply alert the plaintiff of the existence of the issue. Courts have historically and routinely applied a fair notice pleading requirement to affirmative defenses. *See Book v. Moulton,* 2005 U.S. Dist. LEXIS 33578, *2 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)) ("The 'fair notice' pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.) "To the extent Plaintiff seeks additional information surrounding Defendants' asserted defenses, he may avail himself of the discovery process." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)

Here, Equifax's affirmative defenses in its Answer were based on the limited information available after being served with the Amended Complaint and have been sufficiently articulated to give Plaintiff fair notice of the defenses relevant to her claims. At the initial pleading stage, with formal discovery having not yet commenced, Equifax is only required to set forth its affirmative defenses in a manner which provides Plaintiff fair notice of the defenses being raised.

Furthermore, Plaintiff has failed to demonstrate any prejudice that could result from Equifax asserting its Affirmative Defenses. Equifax timely filed its Answer and Affirmative Defenses and gave fair notice of the defenses being raised. "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *GEOMC Co. at* 92. Plaintiff has not provided any indication of why

or how she will be prejudiced by the presented defenses. As such, Plaintiff's Motion to Strike Equifax's Affirmative Defenses should be denied.

Additionally, Plaintiff has moved to strike Equifax's non-existent Request for Admission. Equifax has not yet served Plaintiff with Requests for Admission.

## CONCLUSION

For the reasons set forth above, Equifax respectfully requests that the Court deny Plaintiff's Motion to Strike. Alternatively, should the Court find any affirmative or other defense to be insufficient, Equifax requests that it be given the opportunity to amend that defense.

Dated: Atlanta, Georgia
       June 9, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Heather H. Sharp*
    Heather H. Sharp, NY Bar No. 4590659
    hsharp@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

*Counsel for Defendant*
*Equifax Information Services LLC*

318283578v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE IMPROPER DENIALS AND AFFIRMATIVE DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

>Mirela Hintermaier, *plaintiff pro se*
>330 W. 56th Street, Apt. 23M
>New York, NY  10019

>*/s/ Heather H. Sharp*
>Heather H. Sharp
>*Counsel for Defendant*
>*Equifax Information Services LLC*

318283578v.1