UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MIRELA HINTERMAIER,

                              Plaintiff,

v.                                          Case No.: 1:24-cv-09697-ALC-RFT

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

TRANS UNION LLC,

                              Defendants.
_____X

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANT TRANS UNION LLC'S IMPROPER DENIALS AND AFFIRMATIVE DEFENSES**

Plaintiff Mirela Hintermaier respectfully submits this reply in further support of her Motion to Strike Defendant Trans Union LLC's ("Trans Union") improper denials and affirmative defenses in its Answer to the Amended Complaint (ECF No. 70), and in response to Trans Union's Opposition (ECF No. 80). For the reasons set forth below, the Motion to Strike should be granted.

**I. Trans Union's Blanket and Evasive Denials Violate Rule 8(b)**

Trans Union claims its denials comply with Rule 8(b), yet many responses are evasive, formulaic, or inconsistent with publicly available or judicially noticeable facts. Rule 8(b)(5) permits a party to state it lacks sufficient knowledge or information to admit or deny a claim only

1

when the assertion is made in good faith. See *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) (Rule 8(b)(5) does not license tactical ignorance).

Here, Trans Union improperly denied well-known facts such as:

- The existence and discharge of Plaintiff's bankruptcy case (which is a matter of public record);

- Plaintiff's repeated disputes through proper channels (supported by Plaintiff's exhibits and generated through Trans Union's own system);

- Facts within Trans Union's own knowledge, including their reporting of post-bankruptcy tradelines and investigation outcomes.

These denials are not made in good faith and are designed to obfuscate core facts rather than genuinely contest them. See *United States v. Twenty Miljam-350 IED Jammers*, 669 F. Supp. 2d 740, 749 (W.D.N.C. 2009) (striking defendant's denials as "so lacking in substance and so evasive" that they prejudiced plaintiff's ability to prepare for trial).

**II. The Affirmative Defenses Are Conclusory, Legally Deficient, or Redundant**

A number of Trans Union's affirmative defenses are boilerplate, unsupported by facts, and legally insufficient. Affirmative defenses must meet the same plausibility standard as claims. See *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

Trans Union's First, Second, and Third Affirmative Defenses—which broadly assert jurisdictional defenses, mitigation failure, and "reasonable procedures"—are conclusory and fail

to provide fair notice of the factual basis. Courts have routinely struck similarly vague defenses. See *Louisiana Sulphur Carrier, Inc. v. Gulf Res. & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971).

Additionally, defenses duplicating outright denials of Plaintiff's claims—such as arguing that Trans Union "did not willfully violate the FCRA"—are not true affirmative defenses and should be stricken as redundant under Rule 12(f). See *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986).

### III. Trans Union Misrepresents the Prejudice Requirement

Contrary to Trans Union's assertion, Plaintiff need not show trial-level prejudice. Courts recognize that allowing insufficiently pleaded or legally irrelevant defenses to stand causes real prejudice by expanding discovery and clouding the issues. See *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010).

Plaintiff has already been prejudiced by the delay, cost, and complexity introduced by TransUnion's evasive responses and non-meritorious defenses. Striking these now will streamline the litigation and prevent unnecessary burdens..

### CONCLUSION

For the foregoing reasons, and those set forth in the opening memorandum, Plaintiff respectfully requests that the Court grant her Motion to Strike the improper denials and

affirmative defenses in Trans Union's Answer to the Amended Complaint in full, and for such further relief as the Court deems just and proper.

Dated: June 10, 2025
New York, NY

Respectfully submitted,

/s/ *Mirela Hintermaier*
Mirela Hintermaier
*Pro Se Plaintiff*
330 W 56th Street, Apt. 23M
New York, NY 10019
Email: mirela_hm@pm.me
Phone: 212-729-4637