UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MIRELA HINTERMAIER,

                                        Plaintiff,

v.                                      Case No.: 1:24-cv-09697-ALC-RFT

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

TRANS UNION LLC,

                                        Defendants.

_____X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO STRIKE DEFENDANT EQUIFAX'S IMPROPER DENIALS AND AFFIRMATIVE DEFENSES (ECF 67)**

**I. PRELIMINARY STATEMENT**

Plaintiff Mirela Hintermaier respectfully submits this memorandum of law in reply to Equifax Information Services, LLC's opposition (ECF 81) to Plaintiff's Motion to Strike (ECF 67). Equifax's answer includes evasive denials under Rule 8(b)(5) and legally insufficient affirmative defenses that fail to meet basic federal pleading standards. Equifax's opposition fails to cure these defects and relies on boilerplate justifications without any factual showing. For the reasons set forth below, Plaintiff's motion should be granted.

**II. LEGAL STANDARD**

Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts also strike improper denials under Rule 8 when a defendant evades its obligation to admit or deny allegations clearly within its knowledge. See *Gilmore v. Shearson/American Express Inc.*, 811 F.2d 108, 112 (2d Cir. 1987). Affirmative defenses must provide more than conclusory labels—they must include sufficient factual matter to give fair notice and survive a plausibility analysis under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III. ARGUMENT

**A. Equifax's Denials Under Rule 8(b)(5) Are Improper And Legally Insufficient**

Equifax repeatedly responds that it "lacks knowledge or information sufficient to form a belief" regarding facts that are indisputably within its control—such as its own internal reporting procedures, the contents of Plaintiff's credit file, and responses to formal consumer disputes. These evasive denials violate the spirit and letter of Rule 8.

As courts have held, a party cannot claim ignorance of facts that are clearly within its knowledge or easily verified through internal records. See *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (a party may not "escape admission by baldly stating that it is without knowledge" of readily accessible facts); *Gilmore*, 811 F.2d at 112.

Here, Equifax had ample opportunity to review its own records and provide good-faith admissions or denials. Its blanket denials are not only improper but obstruct Plaintiff's ability to prepare for discovery and trial.

### B. Equifax's Affirmative Defenses Are Conclusory and Must Be Stricken

Equifax asserts a series of standard affirmative defenses—such as lack of jurisdiction, failure to mitigate, reasonable procedures under the FCRA, and failure to meet the statutory standard for damages—without pleading any supporting facts. These are the very types of defenses the Second Circuit has warned against.

In *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019), the Second Circuit held that affirmative defenses must satisfy the plausibility standard articulated in *Twombly* and *Iqbal*. They must be "more than bare bones conclusory allegations" and provide "some factual basis" to put the plaintiff on notice. Id. at 98–99.

Equifax fails this standard. For example:

- Its "failure to mitigate" defense is unsupported by any allegation of what steps Plaintiff could or should have taken differently—particularly when she submitted disputes and Equifax failed to act.

- Its "reasonable procedures" defense is a factual defense, not a legal shield, and must be proven—not asserted without support.

Allowing these defenses to proceed as pled would force Plaintiff to guess the legal and factual basis for each, defeating the purpose of notice pleading.\

### C. Plaintiff's Motion is Timely and Procedurally Proper

Equifax's claim that Plaintiff's motion is procedurally improper is unfounded. Rule 12(f) expressly permits a party to move to strike within 21 days of service of an answer. Plaintiff timely filed her motion (ECF 67) after receiving Equifax's Answer to the First Amended Complaint (ECF 53). Courts in this District routinely entertain such motions, especially where boilerplate defenses obstruct efficient litigation.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Equifax's improper denials under Rule 8(b)(5) where facts are within its knowledge or control;

2. Strike Equifax's conclusory affirmative defenses under Rule 12(f) for failure to comply with the standards in *GEOMC*, *Twombly*, and *Iqbal*;

3. Direct Equifax to file an Amended Answer that provides proper admissions, denials, and affirmative defenses with a sufficient factual basis.

Dated: June 10, 2025
New York, NY                                    Respectfully submitted,

                                                /s/ *Mirela Hintermaier*

Mirela Hintermaier
*Pro Se Plaintiff*
330 W 56th Street, Apt. 23M
New York, NY 10019
Email: mirela_hm@pm.me
Phone: 212-729-4637
