UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MIRELA HINTERMAIER,

                              Plaintiff,

v.                                            Case No.: 1:24-cv-09697-ALC-RFT

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

TRANS UNION LLC,

                              Defendants.

_____X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**


## I. PRELIMINARY STATEMENT

Defendant Experian Information Solutions, Inc. ("Experian") seeks to dismiss this action by claiming Plaintiff's credit denials stem solely from the lawful reporting of her bankruptcy filing. This mischaracterizes both the Complaint and the evidence. Plaintiff does not challenge the permissible inclusion of a bankruptcy notation on her credit report under 15 U.S.C. §1681c(a)(1). Rather, Plaintiff challenges Experian's continued reporting of discharged accounts as if they remained open, delinquent, and derogatory long after her Chapter 7 and student loan discharges.

This inaccurate and misleading reporting had real, devastating consequences. Plaintiff was denied urgently needed medical financing on multiple occasions, including applications for $30,000–$40,000 in September 2024 and $5,000–$10,000 in May 2025. The denial notices,

attached as Exhibits G–J, make clear that lenders did not rely on the bankruptcy notation alone. Instead, they cited Experian's erroneous reporting of "balance on open trades," "delinquent obligations," and "too many trades reported delinquent" as additional reasons for denial. These errors compounded the bankruptcy notation to create a misleading impression that Plaintiff remained indebted and in default on accounts that had been legally discharged.

As a direct result, Plaintiff was denied credit, forced to forego timely medical care, and ultimately compelled to undergo surgery abroad under more burdensome conditions, causing lasting harm to her health and wellbeing. The Fair Credit Reporting Act ("FCRA") exists to prevent exactly this kind of injury: where a consumer reporting agency fails to follow reasonable procedures to ensure maximum possible accuracy (§1681e(b)) and refuses to correct known inaccuracies after dispute (§1681i(a)).

Experian's motion fails because it rests on the false premise that Plaintiff has not identified specific inaccuracies and has not alleged cognizable damages. To the contrary, Plaintiff's Amended Complaint — supported by discharge orders, dispute correspondence, and multiple credit denial notices — details both the inaccuracies and the substantial harm caused by them. At this stage, the law requires the Court to accept those allegations as true and draw all inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff has more than plausibly alleged that Experian's inaccurate reporting was a substantial factor in her credit denials, the motion to dismiss should be denied in its entirety.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) may only be granted where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, the Court

must accept all well-pleaded allegations as true, draw all reasonable inferences in the plaintiff's favor, and determine only whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Plaintiff is proceeding pro se, her allegations must be construed liberally and held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Courts in this District consistently apply this principle in the FCRA context, allowing pro se plaintiffs the opportunity to prove their claims through discovery where plausible inaccuracies and harm are alleged.

In evaluating a motion to dismiss, the Court may take judicial notice of public records such as bankruptcy dockets, but only for their existence and contents — not for the truth of disputed factual matters or for the defendant's interpretation of those records. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). The Court may not resolve factual disputes, weigh evidence, or credit Experian's version of the facts at this stage.

Accordingly, dismissal is warranted only where, even accepting Plaintiff's allegations and exhibits as true, no plausible FCRA claim could exist. As shown below, Plaintiff has adequately pled specific inaccuracies, Experian's failure to maintain reasonable procedures and reinvestigate, and concrete damages directly caused by Experian's reporting.

### III. ARGUMENT

**A. Plaintiff Has Adequately Alleged Inaccurate and Misleading Reporting Under §1681e(b)**

Experian's central argument is that Plaintiff has not identified any factual inaccuracies in her credit reports, and that she merely misunderstands the effect of bankruptcy. This is incorrect. The Amended Complaint specifically alleges that Experian continued to report accounts discharged in bankruptcy as though they were active with balances, delinquent, and derogatory, including coding them as "potentially negative" tradelines. (FAC ¶¶ 9–15). These allegations are not legal conclusions but concrete assertions of factual inaccuracy. Whether an account that was legally discharged still carried an open balance or delinquency notation is an objectively verifiable fact, not a matter of legal interpretation.

The denial notices attached as Exhibits G-J confirm this point. For example, Exhibit I, dated September 30, 2024, cites "balance on open trades" and "too many trades reported 30+ days delinquent in the last 24 months" as reasons for denial, referring to discharged accounts that should have reflected $0 balances and no ongoing delinquency. Lenders denied Plaintiff credit not only because of a bankruptcy notation, but because Experian's reporting reflected "balance on open trades," "delinquent obligations," and "too many trades reported 30+ days delinquent in the last 24 months." These notations were misleading because they suggested Plaintiff remained liable on debts that were extinguished by her Chapter 7 and student loan discharges. If those accounts had been properly updated to reflect $0 balances and no ongoing delinquency, creditors would not have received this false impression.

The Second Circuit and other courts have repeatedly recognized that reporting may be "technically accurate" but still actionable under the FCRA if it creates a materially misleading

impression. *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 92 (2d Cir. 2021); *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 148 (4th Cir. 2008). See also *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944-45 (11th Cir. 2021) (holding that reporting a discharged debt with a past-due balance was factually inaccurate and materially misleading under the FCRA, as it implied ongoing personal liability). That is exactly what Plaintiff alleges here. See also *Berry v. Experian Info. Sols., Inc.*, No. 23-3453, 2024 WL 3873716, at *5 (6th Cir. Aug. 19, 2024) (holding that the FCRA does not immunize CRAs from liability for reporting incomplete or misleading information post-bankruptcy discharge, as such reporting can violate the duty to ensure maximum possible accuracy).

Experian's reliance on *Sessa v. Trans Union, LLC*, 74 F.4th 38 (2d Cir. 2023) is misplaced. Sessa held that a dispute requiring interpretation of contract terms (a car lease residual) was a legal dispute, not a factual inaccuracy. Here, Plaintiff does not challenge a contractual interpretation. She challenges Experian's decision to continue reporting balances and delinquencies on debts that were legally discharged. Unlike in Sessa, where the inaccuracy required interpreting lease terms, here the discharges are objectively verifiable from judicially noticeable dockets, making the continued reporting of balances/delinquencies a factual error. See also *Mader v. Experian Info. Sols., Inc.,* 56 F.4th 264, 269-70 (2d Cir. 2023) (distinguishing cases where dischargeability depends on unsettled legal interpretation, such as a private student loan's funding structure, from verifiable factual errors; here, the discharges of standard consumer debts and federal student loans are undisputed and readily verifiable from the bankruptcy dockets and orders (Exhibits A–C)).

Because Plaintiff has plausibly alleged that Experian reported misleading and inaccurate tradeline information post-discharge, she has satisfied the threshold requirement for stating a claim under §1681e(b). Experian's motion to dismiss on this ground must therefore be denied.

**B. Plaintiff Has Adequately Alleged Experian's Failure to Reinvestigate Under §1681i(a)**

The FCRA imposes a separate duty on credit reporting agencies: when a consumer disputes the accuracy of information in her credit file, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" and correct or delete the information if necessary. 15 U.S.C. §1681i(a). Experian argues that Plaintiff has not pled a violation of this section. The record proves otherwise.

Plaintiff alleges that she submitted written disputes to Experian, with supporting documentation, alerting the agency that her discharged debts continued to be reported with balances, delinquencies, and derogatory notations. (FAC ¶¶ 9–15). Exhibits D–E contain Plaintiff's dispute letters and certified mail receipts proving that Experian received this notice, along with the Chapter 7 and student loan discharge orders (Exhibits A–C). Despite this notice, Experian failed to conduct a reasonable reinvestigation. Instead, Experian denied Plaintiff's disputes and allowed the inaccurate tradelines to remain unchanged. (Exhibit F).

This is exactly the conduct §1681i(a) prohibits. A consumer's dispute triggers the agency's duty to investigate and, if warranted, correct misleading information. The Second Circuit has recognized that a CRA violates the FCRA when it "fails to conduct a reasonable reinvestigation after a consumer disputes the accuracy of reported information." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 92 (2d Cir. 2021). Other courts agree that continued

reporting of discharged debts after a consumer's dispute states a claim under §1681i(a). See, e.g., *Hernandez v. Experian Info. Sols., Inc.*, 2017 WL 3581170, at *3 (S.D.N.Y. Aug. 17, 2017) (denying dismissal where Experian reported accounts as charged-off after bankruptcy). This duty is underscored by recent regulatory actions, such as the Consumer Financial Protection Bureau's complaint against Experian for systematically failing to reinvestigate disputed inaccuracies in consumer reports.

Experian cannot escape liability by claiming its reports were "accurate" because they noted Plaintiff's bankruptcy. A reinvestigation must evaluate whether the reporting as a whole creates a misleading impression. *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014). By continuing to report balances and derogatory notations on discharged debts, Experian failed to correct information that was materially misleading to creditors. Thus, Plaintiff has plausibly alleged that Experian received her disputes, ignored the supporting discharge documentation, and failed to conduct a reasonable reinvestigation. This states a valid claim under §1681i(a), and dismissal is therefore unwarranted.

### C. Experian's Reliance on Judicial Notice and Its Own Credit Report Exhibits Is Improper at the Motion to Dismiss Stage

Experian asks the Court to take judicial notice of Plaintiff's bankruptcy and adversary proceeding dockets, and attaches its own purported "true and correct copies" of Plaintiff's Experian credit reports. Neither supports dismissal under Rule 12(b)(6).

### 1. Judicial notice is limited in scope

The Court may take notice of the existence of bankruptcy dockets, but it cannot adopt Experian's interpretation of those records or use them to resolve disputed facts. *Global Network*

*Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). The bankruptcy dockets confirm Plaintiff obtained discharges — but whether Experian's subsequent reporting of tradelines was misleading is a factual issue, not one subject to judicial notice.

### 2. Experian's exhibits improperly introduce its own evidence

Experian attaches three versions of Plaintiff's credit reports (Feb., Mar., and Aug. 2025) and asks the Court to treat them as "integral" to the Complaint. But these are Experian's self-selected exhibits, not Plaintiff's. Plaintiff disputes the accuracy and completeness of these documents, and disputes cannot be resolved at the pleading stage. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (court may consider a document integral to complaint only where its authenticity is undisputed). Here, Plaintiff has provided her own evidence — including discharge orders, dispute letters, and denial notices — that contradict Experian's exhibits.

### 3. Factual disputes preclude dismissal

Whether reporting an account as "discharged in bankruptcy" while simultaneously showing balances, delinquencies, or derogatories creates a misleading impression is a factual question. See *Hernandez v. Experian Info. Sols., Inc.*, 2017 WL 3581170, at *3 (S.D.N.Y. Aug. 17, 2017) (denying dismissal where Experian's reporting of a discharged account as charged-off could mislead creditors). Resolving that dispute requires discovery, not dismissal.

Experian cannot circumvent the Rule 12(b)(6) standard by asking the Court to weigh its own exhibits against Plaintiff's allegations. At this stage, the Court must accept Plaintiff's well-pleaded allegations as true and may not credit Experian's contrary evidence. Because Experian's reliance on judicial notice and its own exhibits does not resolve the inaccuracies alleged, its motion to dismiss must be denied.

### D. Plaintiff Has Plausibly Alleged Causation and Recoverable Damages

Experian argues that Plaintiff's credit denials stem solely from the lawful reporting of a bankruptcy, not from any inaccurate reporting, and that Plaintiff therefore has not alleged cognizable damages. This argument ignores both the law and the record.

### 1.   Denial letters confirm Experian's inaccuracies were a substantial factor

Plaintiff does not dispute that a bankruptcy notation may lawfully remain on a credit report for up to ten years. See 15 U.S.C. §1681c(a)(1). What Plaintiff challenges is Experian's decision to continue reporting discharged tradelines as though they remained open, delinquent, and derogatory after her discharges. The adverse action notices attached as Exhibits G–J confirm that creditors did not deny financing based on bankruptcy alone. Instead, they cited specific tradeline errors — including "balance on open trades," "delinquent past or present obligations," and "too many trades reported 30+ days delinquent in the last 24 months." These were precisely the inaccuracies Plaintiff disputed and which Experian failed to correct.

Courts have long recognized that FCRA liability exists where inaccurate reporting is a substantial contributing factor to a denial of credit, even if other lawful factors (such as bankruptcy) also play a role. *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 94 (2d Cir. 2021); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995).

### 2. Plaintiff has alleged concrete financial harm

Plaintiff was denied medical financing on multiple occasions, including loans of $30,000–$40,000 in September 2024 and $5,000–$10,000 in May 2025. These are not speculative harms but specific, documented financial losses traceable to Experian's inaccurate reporting.

### 3. Plaintiff has alleged severe consequential damages

The denials directly impaired Plaintiff's ability to secure timely medical care. As a result, Plaintiff's health deteriorated, and she was forced to undergo necessary surgery abroad under more burdensome conditions. The FCRA permits recovery for both economic and emotional distress damages caused by inaccurate reporting. See Casella, 56 F.3d at 474 (credit denials and emotional distress constitute actual damages); *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1333 (9th Cir. 1995) (emotional distress damages available under FCRA).

### 4. Experian's conduct supports a claim for willfulness and punitive damages

Plaintiff repeatedly placed Experian on notice through disputes sent via electronic filing and certified mail (Exhibits D–E), enclosing discharge orders (Exhibits A–C) that indisputably established the debts were no longer enforceable. Despite this notice, Experian refused to correct its reporting. This reckless disregard for the truth of Plaintiff's credit information constitutes a willful violation under 15 U.S.C. §1681n. See Safeco Ins. Co. v. Burr, 551 U.S. 47, 56–57 (2007) (willfulness includes reckless disregard of statutory duties). A willful violation authorizes recovery of statutory and punitive damages in addition to actual damages.

### 5. Ongoing denials prove continuing harm

The repeated credit denials — despite Plaintiff's disputes and provision of discharge documentation — show that Experian's inaccuracies persisted and continued to cause injury months after her discharges. This establishes ongoing harm and rebuts any suggestion that Plaintiff's allegations are hypothetical or conclusory.

For these reasons, Plaintiff has adequately alleged proximate causation, actual damages, and willful misconduct. Experian's motion to dismiss on this ground must be denied.

### E. Dismissal With Prejudice Is Unwarranted

Even if the Court were to find any technical deficiency in Plaintiff's pleading, dismissal with prejudice would be inappropriate. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." Courts in the Second Circuit have repeatedly emphasized that leave to amend should be granted absent undue delay, bad faith, or futility. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs*., LLC, 797 F.3d 160, 190–91 (2d Cir. 2015). This principle applies with special force to pro se litigants, whose pleadings must be construed liberally and who should be afforded a meaningful opportunity to correct deficiencies. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Here, Plaintiff has already alleged specific inaccuracies, Experian's failure to reinvestigate, and actual damages supported by documentary exhibits. At minimum, Plaintiff should be permitted to amend further if the Court deems it necessary. Accordingly, dismissal with prejudice would be legally improper and unjust.

### IV. CONCLUSION

For the foregoing reasons, Defendant Experian Information Solutions, Inc.'s Motion to Dismiss should be denied in its entirety. Plaintiff has plausibly alleged (1) that Experian reported discharged tradelines as open, delinquent, and derogatory in violation of §1681e(b); (2) that Experian failed to reasonably reinvestigate after receiving Plaintiff's disputes and supporting discharge orders in violation of §1681i(a); and (3) that these inaccuracies were a proximate cause of Plaintiff's repeated credit denials, medical hardship, and resulting financial and emotional damages.

The Fair Credit Reporting Act provides for actual damages, statutory damages, punitive damages, and attorney's fees for willful violations. 15 U.S.C. §1681n. Plaintiff has pled facts supporting both negligent and willful violations, including Experian's reckless disregard of its duties despite repeated certified-mail disputes and court-issued discharge orders. At minimum, Plaintiff is entitled to discovery to prove the scope of Experian's misconduct.

In the alternative, should the Court find any deficiency in the pleading, Plaintiff respectfully requests that dismissal be without prejudice and with leave to amend. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs.*, LLC, 797 F.3d 160, 190–91 (2d Cir. 2015).

Because Plaintiff has alleged specific inaccuracies, Experian's failure to reinvestigate, proximate causation, and recoverable damages, this case must proceed to discovery and, ultimately, adjudication on the merits. Experian's attempt to avoid accountability at the pleading stage should be rejected.

Dated: September 5, 2025
New York, New York

Respectfully submitted,

/s/ *Mirela Hintermaier*
Mirela Hintermaier
*Pro Se Plaintiff*
330 W 56th Street, Apt. 23M
New York, NY 10019
Email: mirela_hm@pm.me
Phone: 212-729-4637