DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/12/26_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

MIRELA HINTERMAIER,

         **Plaintiff,**

    -against-            **1:24-cv-09697 (ALC) (RFT)**

EQUIFAX INFORMATION SERVICES,    <u>**OPINION & ORDER**</u>
LLC, et al.,

         **Defendants.**

-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Hintermaier, proceeding *pro se,* brings this action for alleged willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Before the Court is a motion to dismiss for failure to state a claim filed by Defendant Experian Information Solutions, Inc. ("Experian") and a motion to join Experian's motion to dismiss and move for judgement on the pleadings filed by Defendant TransUnion, LLC ("TransUnion"). For the reasons stated below, both motions are **GRANTED.**

**BACKGROUND**

### I.   Factual History

Mirela Hintermaier ("Plaintiff") is a consumer as defined by 15 U.S.C. § 1681a(c). *See* ECF No. 51 ¶ 3 ("Compl."). On March 27, 2024, Plaintiff's unsecured consumer debts were discharged through Chapter 7 bankruptcy. See id. ¶ 7. On August 19, 2024, Plaintiff's federally held student loans were discharged pursuant to stipulation and order. See id. ¶ 8. Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion, LLC (collectively "Defendants") are consumer reporting agencies ("CRAs"). Sometime between April and November of 2024, Plaintiff disputed "the continued reporting of discharged accounts as

1

active with balances, delinquencies, and derogatory labels through Defendants' online dispute portals." See id. ¶ 9. On October 12, 2024, Plaintiff mailed to Defendants dispute letters and included the bankruptcy orders and stipulations, Equifax as of March 25, 2025, Plaintiff's credit report continued to display the alleged "incorrect balances, delinquency notations, and 'Potentially Negative' labels." See id. ¶ 12.

Specifically, Plaintiff alleges Defendants reported materially misleading information including "entries reflecting original and high balances, pre-discharge delinquency and collection history, and 'Potentially Negative' labels, despite the legal discharge of these debts." See id. ¶ 15. Plaintiff further alleges these entries were materially misleading in that they "falsely conveyed that the accounts remained derogatory or collectible, undermining the accuracy and integrity of Plaintiff's credit profile post-discharge." Id. Plaintiff contends this alleged material and misleading reporting contributed to adverse credit decisions. See id. ¶ 16. On September 30, 2024, Plaintiff applied for five separate $40,000 medical loans to finance urgent dental surgery, and all applications were denied, citing adverse factors such as "high proportion of loan balances to limits; presence of serious delinquencies and collection accounts, excessive trade lines with balances or recent delinquencies, [and] ongoing bankruptcy reporting and insufficient payment history." See id. ¶ 10. Plaintiff alleges she suffered substantial injury due to this alleged reporting violation. See id. ¶ 13.

## II.    Procedural History

On December 12, 2024, Plaintiff filed her complaint initiating this action. *See* ECF No. 1. That same day, Plaintiff filed a request to proceed *in forma pauperis*. *See* ECF No. 2. On January 8, 2025, the Court granted such request. *See* ECF No. 8. On April 25, 2025, Plaintiff filed a first

amended complaint. Compl. The complaint asserts two causes of action for violations of the FCRA including a failure to maintain accuracy and a failure to conduct reinvestigation. Compl. ¶¶ 15-19.

On May 8, 2025, Defendant Equifax Information Services, LLC, ("Equifax") filed an answer to the amended complaint. *See* ECF No. 63. On May 12, 2025, Defendant TransUnion filed an answer to the amended complaint. *See* ECF No. 64. That same day, Defendant Experian filed a letter motion requesting a pre-motion conference on a contemplated motion to dismiss Plaintiff's amended complaint. *See* ECF No. 65. On July 18, 2025, this Court granted Defendant Experian leave to file its motion to dismiss. *See* ECF No. 90. On August 8, 2025, Defendant Experian filed its motion to dismiss the amended complaint for failure to state a claim. *See* ECF No. 91. On August 20, 2025, Defendant TransUnion filed a letter motion requesting to join Defendant Experian's motion to dismiss. *See* ECF No. 92. On September 3, 2025, Plaintiff filed a letter opposing Defendant TransUnion's request to join Defendant Experian's motion to dismiss. *See* ECF No. 96. On September 5, 2025, Plaintiff filed her opposition to Defendant Experian's motion to dismiss. *See* ECF Nos. 97-98. On September 8, 2025, Defendant TransUnion filed its reply regarding its request to join Defendant Experian's motion to dismiss. *See* ECF No. 99. On September 9, 2025, Plaintiff filed a sur-reply regarding Defendant TransUnion's request to join. *See* ECF No. 100. On September 15, 2025, this Court issued an order granting Defendant TransUnion leave to file its motion to join Defendant Experian's motion to dismiss and designated the issue fully briefed. *See* ECF No. 102. On September 19, 2025, Defendant TransUnion filed such motion for judgment on the pleadings. *See* ECF No. 104. That same day, Defendant Experian filed its reply in support of its motion to dismiss. *See* ECF No. 105. On September 22, 2025, Plaintiff filed a letter motion directed to Magistrate Judge Robyn F. Tarnofsky requesting leave to file a sur-reply to Defendant Experian's reply in support of its motion to dismiss. *See* ECF No.

106. That same day, Judge Tarnofsky granted such request. *See* ECF No. 107. That same day, Plaintiff filed such sur-reply. *See* ECF No. 108.

**STANDARD OF REVIEW**

**I.      Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the

Court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## II.    Federal Rule of Civil Procedure 12(c)

"In deciding a Rule 12(c) motion, [the Court should] apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir. 2001) (citation omitted). The Court "may dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

## III.    *Pro Se* Pleadings

"Courts must afford *pro se* plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

**DISCUSSION**

Defendant Experian and Defendant TransUnion both argue Plaintiff's amended complaint should be dismissed for failure to state a claim. Defendant Experian moves to dismiss under F.R.C.P. 12b(6). *See generally* ECF No. 97. Defendant TransUnion moves to join such motion and characterizes their request as a motion for judgement on the pleadings under F.R.C.P. 12(c). *See generally* ECF No. 104.

### I.    TransUnion's Request to Join and Move for Judgement on the Pleadings

This Court construes Defendant TransUnion's request to join Defendant Experian's motion to dismiss as a request to move for judgement on the pleadings for failure to state a claim. *See generally* ECF No. 104. While Plaintiff is correct that a 12(b)(6) motion would be procedurally improper, Defendant TransUnion clarified its position is join Defendant Experian's motion to dismiss for failure to state a claim but under 12(c) grounds rather than 12(b)(6) grounds. *See* ECF No. 96, 104. Defendant TransUnion filed an answer to Plaintiff's amended complaint on May 12, 2025. *See* ECF No. 64. Thus, it is procedurally proper for Defendant TransUnion to move for judgment on the pleadings. F.R.C.P. 12(c). Defendant TransUnion argues that Plaintiff's amended complaint should be dismissed for failure to state a claim as Plaintiff fails to identify an actionable injury. *See* ECF No. 104 at 3. Because this argument is substantially similar to the one made by Defendant Experian and it thus serves the interests of judicial efficiency to consider these motions together, Defendant TransUnion's request to join is **GRANTED**. This Court addresses Defendant TransUnion's argument that Plaintiff's amended complaint should be dismissed for failure to state a claim in conjunction with the same argument by Defendant Experian below.

## II.    Failure to State a Claim for Violations of the FCRA

The FCRA was enacted by Congress "in 1970 to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52 (2007). In relevant part, § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." If an individual disputes the accuracy of any information appearing on a consumer report, the CRA must then "conduct a reasonable reinvestigation to determine whether the disputed information is correct." § 1681i(a)(1)(A).

To plead a claim against a CRA under § 1681e(b), a plaintiff must allege that: "(1) the CRA reported inaccurate information about the plaintiff; (2) the CRA was negligent in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (3) the plaintiff was injured; and 4) the CRA's negligence caused the plaintiff's injury." *Ahmad v. Experian Info. Sols., Inc.*, No. 23CV2222, 2023 WL 8650192, at *5 (S.D.N.Y. Dec. 14, 2023) (citation omitted). To plead a claim against a CRA under § 1681i for failure to reasonably investigate, a plaintiff must allege that: "(1) the CRA reported inaccurate information; (2) the plaintiff disputed the inaccurate information and the dispute was not frivolous or irrelevant; and (3) the CRA failed to conduct a reasonable reinvestigation into the inaccurate information which (4) caused tangible or intangible damage." *Id*. at *6 (citation omitted). In order to state a claim under these two sections, Plaintiff must allege facts showing that the information that the Defendants reported about her is inaccurate. *See Gestetener v. Equifax Info. Servs. LLC*, No. 18CV5665, 2018 WL 1172283, a *2 (S.D.N.Y. Mar. 13, 2019).

"To be actionable under the FCRA, an alleged inaccuracy must be 'objectively and readily verifiable' by the defendant credit reporting agency." *Goldenberg v. TransUnion, LLC*, No. 23-CV-9514, 2025 WL 2200486, at *3 (E.D.N.Y. Aug. 1, 2025) (quoting *Sessa v. TransUnion, LLC*, 74 F.4th 38, 43 (2d Cir. 2023)). In *Mader*, the Second Circuit held that the alleged inaccuracy was not objectively and readily verifiable in that it involved "a live legal dispute regarding whether Mader in fact still owed the student loan debt reported by the [credit reporting agency]." *Sessa v. TransUnion,* LLC, 74 F.4th 38, 43 (2d Cir. 2023) (referencing *Mader v. Experian Info. Sob., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023).

The alleged inaccuracies here involve loan balances and pre-discharge delinquency and collection history. The parties fail to address whether the alleged inaccuracies here are objectively and readily verifiable.  Nonetheless, the available caselaw leads the Court to conclude that such information is objectively and readily verifiable. The accuracy of the reported information here "does not turn on an unresolved legal question, such as the application of a provision of the Bankruptcy Code to a plaintiff's loans, the application of a state statute to a plaintiff's purported revocation of a purchase, or the application of a statute of limitations to a plaintiff's debt." *Goldenberg v. TransUnion*, No. 23-CV-9514, 2025 WL 2200486, at *5 (collecting cases). Defendants Experian and TransUnion also do not point to any law or doctrine that it would have to rely on to determine whether their reporting of Plaintiff's discharged debt was accurate. Indeed, Defendants Experian and TransUnion argue there reporting has been accurate the entire time. *See generally* ECF 91, 104. As such, the Court finds Defendants concede that alleged inaccuracies here are objectively and readily verifiable.

Further, inaccuracy is a threshold question. *See Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021). Defendants Experian and TransUnion argue that Plaintiff has failed to

plead a claim under either section as she has failed to plead the information in her credit report was inaccurate. *See generally* ECF 91, 104. A "credit report is inaccurate 'either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Mader v. Experian Info. Sob., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (quoting *Shimon v. Equifax Info. Serv. LLC*, 994 F.3d at 91).

Even reading the Complaint in an effort to raise the strongest arguments, Plaintiff fails to allege any specific technical accuracies on her credit report. *See* Compl. Because Plaintiff does not argue that the information on her credit report is patently incorrect, she must point to information on the report that is "materially misleading" to creditors. *Shimon v. Equifax Info. Serv. LLC*, 994 F.3d at 91 (citation omitted). "Mere imprecision" is insufficient. *Id*. (citation omitted). Indeed, "a plaintiff must establish that the information provided by the [consumer reporting agency] is open to an interpretation that is directly contradictory to the true information." *Id*.

Plaintiff has failed to satisfy this standard. Plaintiff alleges that Defendants reported materially misleading information, specifically "entries reflecting original and high balances, pre-discharge delinquency and collection history, and 'Potentially Negative' labels" which "falsely conveyed that the accounts remained derogatory or collectible." Compl. ¶¶ 15-16. Plaintiff contends she was thereafter denied loan applications. The cited reasons for the adverse decisions included: "high proportion of loan balances to limits, presence of serious delinquencies and collection accounts, excessive trade lines with balances or recent delinquencies, [and] ongoing bankruptcy reporting and insufficient payment history." *Id*. at ¶ 10. Defendants Experian and TransUnion argue that the consumer reports are not inaccurate or misleading in that they consist of the accurate reporting of historical account information. *See generally* ECF No. 91. Specifically,

they argue Plaintiff misunderstands "the nature and effect of a bankruptcy discharge, which relieves Plaintiff of the debt owed, but does not erase the historical account data." *Id*. at 4.

This Court finds that the three specific categories of alleged misleading information that Plaintiff points to, (1) original and high balances, (2) pre-discharge delinquency and collection history, (3) and "Potentially Negative" labels, are an accurate reporting of historical account information. Taking into consideration Plaintiff's included consumer reports, it is clear that each of these categories of information pertain to historical account data and not present obligations.[1] Each entry includes information pertaining to the credit limit or original amount of the account, the highest balance reported on the account, and the payment history of each account which includes detailed information regarding the status of each account showing on what dates each account was in good standing, whether it was delinquent at any point and for how long, and if and when each account was charged off. *See* ECF No. 97, Exhibit F. Also included in the entry for each account is a "recent balance" entry which does not reflect any amount as owing, and a "status" entry which reflects that each account was "discharged through bankruptcy chapter 7." *See id.* Indeed, the status of "discharged through bankruptcy chapter 7" is listed in red ink on each report. *See id*.

Plaintiff argues that the reporting of this historical information is materially misleading in that it suggests to creditors that her discharges accounts remain open, delinquent, and collectible. Compl. ¶16. This Court finds such argument unpersuasive. In *Gross*, the Court granted

---

[1] Plaintiff fails to allege specific inaccuracies in her complaint and thus it is necessary for the Court to rely on Plaintiff's credit reports which have been incorporated by reference in the complaint. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) (Recognizing that beyond the four corners of the complaint, the Court may consider documents incorporated by reference or attached to the complaint as exhibits, documents the plaintiff knew of or possessed and relief upon in framing the complaint, and items of which judicial notice may be take).

Defendant's motion to dismiss on the basis that plaintiff failed to make the threshold showing of inaccuracy. *See Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp 3d 423, 423 (E.D.N.Y. 2021). The Court found that the disputed information, when viewed in context of the entire entry, was an accurate reflection of historical, pre-discharge data. *See id*. In *Gross*, where the claims involve similar violations of the FCRA, plaintiff argued that the "pay status" of "30 days past due date" portrayed the account as currently 30 days past due. *See id*. at 425. Plaintiff alleged the account could not have been past due as it was transferred to another lender and thus plaintiff was not obligated to make payments to defendant CRA. *See id*. Plaintiff argued the "pay status" entry was misleading because he was not currently late on any payments. *See id*. The Court, in reaching its decision, acknowledged that the credit report contained several other entries that show the "30 days past due" pay status refers to historical information.  *See id*. at 426-27. Specifically, the Court acknowledged entries such as a status that the account was closed, a $0 balance, and that the account was transferred to another lender. *See id*. As such, the Court concluded that plaintiff failed to make the threshold showing of inaccuracy and thus failed to state a claim under the FCRA. *See id*. at 427.

The facts and claims currently before the Court are quite similar. Here, Plaintiff argues entries portraying (1) original and high balances, (2) pre-discharge delinquency and collection history, and (3) "Potentially Negative" are misleading in that it makes her accounts seem collectible. For the reasons laid out in *Gross*, this argument fails. When considering Plaintiff's credit reports as a whole, it is clear that these categories of information are referring to the pre-discharge historical data. Other account entries refer to a "recent balance" entry which does not reflect any amount as owing, as well as a "status" entry which reflects that each account was "discharged through bankruptcy chapter 7" ink red ink. *See* ECF No. 97, Exhibit F. Specifically,

Plaintiff argues that if her accounts had been properly updated to reflect $0 balances and no ongoing delinquency, creditors would not have been misled. *See* ECF No. 97 at 4. However, Plaintiff's referenced credit reports do not show an active balance or active delinquency, only past history of such.  This argument is further undermined by the fact that each report states in red ink in the upper right hand side that the account was "discharged through bankruptcy chapter 7." *See* ECF No. 97, Exhibit F. While it seems Plaintiff would find it more accurate for the CRAs to remove all reference to her payment history and delinquencies pre-discharge, that is simply not the effect of a bankruptcy discharge which only erases the debtor's personal liability. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). Accordingly, Plaintiff's claim that the historical reporting of her pre-discharge data is nonetheless misleading fails as it is clear upon a reading of the credit reports as a whole that the debts were discharged through bankruptcy.

This Court acknowledges that have been cases in this district and neighboring districts where motions to dismiss for failure to state a claim have been denied on the ground that there was disputed information in the report that could be considered ambiguous and thus misleading. *See, e.g., Friedman v. CitiMortgage, Inc.*, No. 18cv11173, 2019 WL 4194350 (S.D.N.Y. Sept. 3, 2019) and *Mund v. TransUnion*, No. 18cv676, 2019 WL 955033 (E.D.N.Y. Feb. 27, 2019). However, in those cases, there existed extenuating facts that created additional ambiguities such as a pay status that reflected 120 days past due and active monthly payment statuses which created an ambiguous situation where the pay status of 120 days delinquent could be taken to be a current one. *See Gross*, 512 F. Supp. 3d at 427.  Such ambiguities do not exist here. Plaintiff's credit reports do not reflect active balances or active delinquencies and include an account status reflecting the loans were "discharged through bankruptcy chapter 7." *See* ECF No. 97, Exhibit F.

This Court finds that, when viewed as a whole, the disputed tradelines accurately report Plaintiff's historical account information pre-discharge and are not themselves inaccurate as a matter of law when viewed in light of other information on the report explaining that the accounts were discharged through bankruptcy. Therefore, Plaintiff has failed to make the threshold showing of inaccuracy as required to state a claim under the FCRA. Accordingly, Defendants' Experian and TransUnion's motions to dismiss for failure to state a claim are **GRANTED.**

### III.    Leave to Amend

The Court considers whether to grant Plaintiff leave to amend her complaint. Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); s*ee also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). That said, it remains "within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019). Leave may be denied where a plaintiff does not request to amend her pleading. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (observing that "no court can be said to have erred in failing to grant a request that was not made"); *see also Morey v. Windsong Radiology Grp., P.C.*, 794 F. App'x 30, 34 (2d Cir. 2019) (summary order) (holding that "the district court did not abuse its discretion in declining to *sua sponte* allow [plaintiff] leave to file an amended complaint"). Further, district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to so do. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *See also Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020) (leave may be denied where amendment would be futile).

Although Plaintiff has failed to "identif[y] any amendments that would alter the Court's analysis," she has requested leave to amend, and it is plausible that additions to her complaint

could allege sufficient facts to state a cause of action. *Bellocchio v. Garland*, 614 F. Supp. 3d 11, 20 (S.D.N.Y. 2022); *see also Glob. Tech Indus. Grp. Inc. v. Wells*, No. 21 CIV. 06891 (ER), 2022 WL 2872298, at *6 (S.D.N.Y. July 21, 2022). Accordingly, the Court grants her 45 days to amend her complaint in light of opinion.

## CONCLUSION

For the foregoing reasons, Defendant Experian's motion to dismiss for failure to state a claim is **GRANTED. The Amended Complaint is dismissed without prejudice.** Defendant TransUnion's motion to join Experian's motion and move for judgement on the pleadings for failure to state a claim is **GRANTED.**

Plaintiff is hereby **GRANTED** leave to file another amended complaint **on or before February 26, 2026.** The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 91 and 104.

**SO ORDERED.**

Dated:    **January 12, 2026**
          **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**