UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRELA HINTERMAIER,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

24cv09697 (ALC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion for entry of a confidentiality stipulation and proposed protective order. (ECF 169.) The document differs from the one proposed by Defendants (ECF 163-1), which I directed the parties to execute and file. (ECF 168.) The motion is GRANTED IN PART and DENIED IN PART, as set forth below.

The revised confidentiality stipulation and proposed protective order includes certain changes from the document I approved that, while not necessary, are unobjectionable. Specifically, the following two revisions to the proposed protective order at ECF 163-1 are acceptable:

| | |
|---|---|
| Paragraph 1: | Changes suggested by Plaintiff at ECF 169-1 to account for Plaintiff's pro se status. |
| Paragraph 6: | Changes reflecting my ruling at ECF 168 that only Plaintiff may produce documents on an AEO basis. |

Other revisions, the most problematic of which are discussed below, are not acceptable:

1. Plaintiff removed language stating that the parties agreed to the terms of the proposed protective order and replaced it with a statement that the proposed protective order was filed in accordance with the Court's order; inserted language in several places stating that the proposed protective order was agreed to pursuant to the Court's order and stating that Plaintiff was executing the document without "agree[ing] to any provision." Plaintiff is of course free to take the position that the Court should have directed the parties to execute and file her preferred version of the proposed protective order. However, stating that Plaintiff was executing the document without agreeing to any provision suggests that Plaintiff is signing the proposed protective order without intending to comply with its terms, which is unacceptable.

2. In Paragraph 2, Plaintiff inserted text stating that "Nothing in this paragraph limits a party's communication with a governmental or regulatory authority, to the extent the law permits or requires it, provided that the party requests confidential treatment of any designated material so communicated where the authority's procedures allow." This addition is unnecessary and creates confusion; a party's ability to provide material if otherwise required by law or by lawful subpoena is protected in original Paragraph 14.

3. In Paragraph 5, Plaintiff added language stating that, when a party challenges a confidentiality designation in writing, the designating party shall move the Court to sustain the designation and bears the burden of establishing good cause for it. This formulation is inconsistent with the approved formulation in Paragraph 3, which

provided that the challenging party shall move to Court to lift the confidentiality designation.

4. In Paragraph 11, Plaintiff inserted text stating that a party intending to file sensitive medical information on the docket shall give the other party at least seven days' advance notice, as opposed to the more general "advance written notice" from the approved proposed order. Seven days' advance notice is impractical and would likely lead to delayed filings. There is no basis to conclude that advance written notice is insufficient to permit Plaintiff to object to the filing of medical information on the docket.

5. In Paragraph 15, Plaintiff provides that the obligation to notify a party that produced confidential information that the information has been sought under relevant law or lawful subpoena, unless such notice is prohibited by law, does not apply to government agencies, and that notice of a government request for information shall be disclosed only to the extent permitted by the government. However, the original formulation protects a party from being required to provide notice of a government production request when providing such notice is prohibited by stating that notice is required unless such notice is prohibited by law.

6. In Paragraph 16, Plaintiff removed text precluding any party from inputting confidential information into any artificial intelligence ("AI") tool unless the AI provider is contractually prohibited from both (a) using the inputs, or information derived from them, for any purpose other than providing the specific service requested, including using them to train any model; and (b) disclosing the inputs, or any information derived

from them, to any third party, except where such disclosure is essential to delivering the requested service. Inputting another party's confidential information into an AI tool without the restrictions set forth herein creates an unacceptable risk that the information will be publicly disclosed.

Accordingly, Defendants are ORDERED by **October 19, 2026** to provide Plaintiff with a proposed protective order in the form I previously approved from ECF 163-1, with the two revisions noted above (to Paragraphs 1 and 6), executed by Defendants. If Plaintiff wishes Defendants to begin production of confidential material, she shall, by **October 20, 2026** execute the proposed protective order in the form required by this order and shall file the fully executed proposed protective order on the docket. Plaintiff may, if she chooses, decline to execute and file the proposed protective order, in which case Defendants' production obligations will be limited to non-confidential documents.

The Clerk of Court is respectfully requested to terminate ECF 169.

DATED: October 15, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge