**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIRELA HINTERMAIER,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC,

Defendants.

Case No. 1:24-cv-09697-ALC-RFT

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. A party or counsel for any party may designate any document or information, in whole or in part, as confidential if the designating party or its counsel determines, in good faith, that such designation is necessary to protect the interests of the designating party in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder), shall not be used, directly or indirectly, by any person, including any other Defendant, for any business, commercial or

competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

5. Unless and until the Court orders otherwise, any challenged material shall continue to be treated in accordance with its existing confidentiality designation under this Order.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

e. Fact witnesses or potential fact witnesses, but only upon stipulation of the parties or a determination by the Court that the witness has a need to know such information; and

f. Present or former employees of the producing party in connection with their testimony, deposition, or preparation therefor, provided that no former employee shall be shown documents prepared after the date of his or her departure unless otherwise agreed by the parties or ordered by the Court.

g. Notwithstanding the foregoing, any person may be shown a document that on its face was authored by, sent to, or received by that person, or that identifies that person, without prior stipulation or order of the Court.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

If Plaintiff believes in good faith that disclosure of particular Confidential Information to another party would create a substantial risk of identifiable competitive, commercial, privacy, security, or other harm that cannot be avoided by less restrictive means, then Plaintiff may designate the material "ATTORNEYS' EYES ONLY" pending resolution of the parties' meet-and-confer or an application to the Court. Unless otherwise agreed or ordered, material so designated may be disclosed only to retained outside counsel of record and employees of such counsel necessary to assist in the litigation; consultants or experts assisting in the prosecution or defense of the matter who have signed Exhibit A; the Court and its personnel; court reporters and

professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A; and the author or original source of the information.

7. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. Where a party intends to file with the Court material containing sensitive medical information of another party that may implicate a privacy interest warranting sealing or redaction, the filing party shall provide advance written notice to that party sufficient to permit the party to seek appropriate sealing or redaction from the Court..

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. Before disclosing Confidential Information in response to a subpoena or other compulsory process, the receiving party shall, unless prohibited by law, provide prompt written notice to the producing party sufficiently in advance of the required production date to permit the producing party to seek a protective order or other relief. The receiving party shall not produce the Confidential Information before the date production is required, and, if the producing party timely seeks a protective order or other relief, shall not produce the Confidential Information pending resolution of that application unless otherwise ordered by the court or tribunal issuing the process.

16. Restrictions on Use of Artificial Intelligence Tools**.** No party, non-party, or other person permitted to receive information designated "Confidential" [or "Confidential—Attorneys' Eyes Only"] under Paragraph 6 of this Order may input, upload, or submit such information to any artificial intelligence tool, chatbot, generative AI system, large language model, or similar automated platform ("AI") unless the AI provider is contractually prohibited from both:

(a) using the inputs, or information derived from them, for any purpose other than providing the specific service requested, including using them to train any model or to develop or improve any product or service; and

(b) disclosing the inputs, or any information derived from them to any third party, except where such disclosure is essential to delivering the requested service. Where disclosure to a third party is essential to delivering the requested service, that third party must be bound by obligations no less protective than those required by this paragraph.

Any party seeking to use AI under this paragraph must also confirm that the AI provider will, upon request, delete from its systems all information designated "Confidential." The party must retain written documentation of the contractual protections required by this paragraph and provide that documentation to the Designating Party or the Court upon request

17. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

**SO STIPULATED AND AGREED.**

[*signature page follows*]

The Clerk of Court is respectfully requested to terminate ECF 174.

Dated: October 21, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2026
New York, NY

**MIRELA HINTERMAIER**

By: */s/ Mirela Hintermaier*
Mirela Hintermaier
330 W. 56th Street, Apt. 23M
New York, NY 10019
T: 212-729-4637
mirela_hm@pm.me

*Plaintiff, Pro Se*

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew G. Hope*
Andrew G. Hope (NY Bar ID 4913547)
Robert J. Murdoch, (admitted *Pro Hac Vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
F: 215-665-8760
Andrew.hope@bipc.com
Robert.murdoch@bipc.com

*Attorneys for Trans Union, LLC*

**SEYFARTH SHAW LLP**

By: */s/ Paige Vacante*
Paige Vacante (admitted *pro hac vice*)
1441 Brickell Avenue
Suite 1420
Miami, FL 33131
T: 305 786-0701
F: 305 786-0702
pvacante@seyfarth.com

*Attorney for Equifax Information Services, Inc.*

**VENABLE LLP**

By: */s/ Carlos H. Salguero, Jr.*
Carlos H. Salguero, Jr.
151 W 42nd Street
49 Fl
New York, NY 10036
T: 212 218-2578
chsalguero@venable.com

*Attorney for Experian Information Solutions, Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIRELA HINTERMAIER,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANSUNION LLC,<br><br>Defendants. | Case No. 1:24-cv-09697-ALC-RFT |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________, 20__

________________________________ ________________________________
Name (printed) Signature

Signed in the presence of:

________________________________
(Attorney)