UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRELA HINTERMAIER,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

24-CV-09697 (ALC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion to file a fourth amended complaint ("4AC"). (ECF 182.) While one defendant filed an opposition (ECF 188), that opposition does not oppose the amendment itself but rather raises issues about the implications of a 4AC for discovery. The discovery issues may be addressed if and when they become ripe. The motion to amend (ECF 182) is **granted** and the 4AC at ECF 182-1 is now the operative complaint.

Also pending before the Court is Plaintiff's motion to compel discovery. (ECF 185.) As discussed at the discovery conference held on November 24, 2026, the motion to compel is **denied,** without prejudice to refiling after depositions if necessary:

1. Plaintiff's request for Experian to produce additional documents reflecting its bankruptcy reporting policy is **denied**, because Experian represents that it produced the policy. Plaintiff complains that the document is ten pages only. Plaintiff has noticed a 30(b)(6) deposition on the bankruptcy reporting policy, among other topics. If Plaintiff learns at deposition that Experian has other bankruptcy reporting policies than the one produced or that there are missing pages, she may raise the issue with the Court again after meeting and conferring with Experian.

2. Plaintiff's request for additional documents relating to the policy on coding of bankruptcies and business rules discharged accounts is **denied**, because Experian represents that it has produced all such documents that exist. Plaintiff may question Experian at deposition about the existence or not of any additional requested documents. If Plaintiff learns at deposition that Experian has any such documents, she may raise the issue with the Court again after meeting and conferring with Experian.
3. Plaintiff's request for additional records of her dispute with Experian is **denied**, because Experian represents that it has produced all such documents. Plaintiff argued that she expected to see "metro2" and did not. Experian responded that such documents were included in a production it made yesterday. Plaintiff shall review the documents and may question Experian at deposition about the existence or not of additional such documents. If Plaintiff learns at deposition that Experian has any such documents, she may raise the issue with the Court again after meeting and conferring with Experian.
4. Plaintiff's request for Experian to produce its insurance policy is **denied**, because Experian represents that its deductible is higher than the total damages Plaintiff seeks from Experian ($30,000). Plaintiff argues that production of the insurance is mandatory. Rule 26(a) provides for "inspection and copying" of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Based on Experian's representation, its insurer is not liable to satisfy, indemnify for, or reimburse for any part of Experian's judgment, and therefore production is not required under the Rules.

5. Plaintiff's request for production of documents relating to a case in California that ended 18 years ago is **denied**. It is highly unlikely that such old documents would have any bearing on Plaintiff's claims or Defendants' defenses, but even if there was some limited relevance, the burden of gathering and reviewing such old documents would substantially outweigh any minimal relevance, so that requiring production would be disproportionate to the needs of the case.
6. Plaintiff's request that Defendants be ordered to respond to RFAs is **denied** as premature; RFAs are typically answered after discovery is substantially complete. Defendants may have until after a week after depositions have been completed to respond to the RFAs. If Defendants fail to respond, or Plaintiff has issues with the responses, she may raise with the Court after meeting and conferring with Defendants.
7. Plaintiff's request for a protective order limiting her deposition to seven hours for all Defendants and to appear for her deposition remotely is **denied**. The three Defendants may depose Plaintiff for up to eight hours on the record. The deposition shall be held in person for the reasons provided on the record. The deposition shall take place at the courthouse on February 17, 2027, in the jury room of courtroom 9B at 500 Pearl Street.
8. Plaintiff's request that Defendant be compelled to answer interrogatory requests listing affiliates and vendors involved with her file is **denied**, because Experian represented on that there were no such vendors or affiliates. Plaintiff may question Experian at deposition about the existence or not of such vendors or affiliates. If Plaintiff learns at deposition that there were any such vendors or affiliates, she may raise the issue with the Court again after meeting and conferring with Experian.

9. Plaintiff's request for her costs and expenses in connection with this motion is **denied**, since she was not successful on the motion; even if she had been, it is unclear what costs a pro se litigant would have in making a discovery motion.

In several instances, Plaintiff was unable to explain what she was seeking or why she needed it. While I understand that a pro se plaintiff may feel more comfortable expressing herself in writing than in speaking, I cautioned Plaintiff about the importance of understanding the arguments she is making.

Experian noted that Plaintiff has not yet complied with my order requiring production of medical and expense records (ECF 168); Plaintiff said that she has committed to produce those documents by December 4, 2026, and that in any event her objection to my order requiring production is pending before Judge Carter. I admonished Plaintiff that absent a stay of an order, she is required to comply even if there is a pending objection to the District Judge. Experian also raised the issue of how Plaintiff plans to comply with the requirements of Fed. R. Civ. P. 28 and 30(b)(5). Plaintiff is directed to send a letter to Defendants by **December 4, 2026** to explain her position on this issue. If Defendants disagree with Plaintiff's planned approach, the parties shall meet and confer and if necessary, raise the issue with the Court by **December 14, 2026**.

The Clerk of Court is respectfully requested to terminate **ECF 182** and **ECF 185**.

DATED: November 25, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge