UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRELA HINTERMAIER,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

24cv09697 (ALC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion to compel discovery of Defendant Trans Union, LLC ("Trans Union"). (ECF 187.) Trans Union opposed the motion on November 24, 2026 (ECF 193) and Plaintiff filed her reply in further support on November 25, 2026 (ECF 194). The motion raises issues very similar to those raised by Plaintiff in her motion to compel discovery of Experian (ECF 185), which I denied after hearing oral argument on November 24, 2026. (ECF 195.) The pending motion to compel discovery of Trans Union is **denied,** in certain parts without prejudice to refiling after depositions if necessary, as set forth below:

1. Plaintiff's request for Trans Union to produce its insurance policy and related documents is **denied**, because Trans Union represents that no insurance policy will be used to satisfy any part of a judgment in this action as "any coverage it maintains is excess coverage that would not be reached by a claim of this magnitude." (ECF 193, Opp. ¶ 1.) Plaintiff argues that production of the insurance is mandatory. (ECF 194, Reply at ¶ 2.) Rule 26(a) provides for "inspection and copying" of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R.

Civ. P. 26(a)(1)(A)(iv). Based on Trans Union's representation, its insurer is not liable to satisfy, indemnify for, or reimburse for any part of a potential judgment against Trans Union, even at the maximum possible amount, and therefore production is not required under the Rules.

2. Plaintiff's request for Trans Union to produce additional call recordings and transcripts of her chats is **denied**, because Trans Union represents that it produced such documents. (ECF 193, Opp. ¶ 2.) As to the audio recordings and Plaintiff's request that Trans Union be directed to preserve all such data, Trans Union states that it is committed to producing any such recordings by December 4, 2026 and that it "is aware of and is complying with its preservation obligations." (*Id.*) Plaintiff may question Trans Union at deposition about the existence or not of any additional requested documents or audio recordings. If Plaintiff learns at deposition that Trans Union has any such documents or recordings or believes that any such documents or recordings have been deleted, she may raise the issue with the Court again if necessary after meeting and conferring with Trans Union.

3. Plaintiff's request for Trans Union to produce additional documents reflecting its bankruptcy coding policies and the Consumer Data Industry Associate ("CDIA") Credit Reporting Resource Guide ("CRRG"), is **denied**. Trans Union represents that it will supplement its responses by December 4, 2026 as to its bankruptcy coding policies (*see id.* ¶ 3), and Plaintiff has withdrawn some of her requests (*see* ECF 194, Reply ¶ 5). To the extent that Trans Union has agreed to supplement or that Plaintiff has withdrawn her requests, the motion is **denied as moot**. Plaintiff has noticed a 30(b)(6) deposition

on the bankruptcy coding policies, among other topics. If Plaintiff learns at deposition that Trans Union has bankruptcy reporting policies that were not produced, she may raise the issue with the Court again if necessary after meeting and conferring with Trans Union. As to the CRRG, Trans Union represents that CDIA has instructed it not to disseminate the CRRG, which is available for purchase from the CDIA. (*See* ECF 193, Opp. ¶ 3.) Plaintiff's motion to compel directed to the CRRG is **denied**, because Plaintiff can purchase access. *See S.E.C. v. Strauss*, No. 09-CV-4150 (RMB) (HBP), 2009 WL 3459204, at *11 (S.D.N.Y. Oct. 28, 2009) (denying motion to compel because access to a database maintained by a third party was equally available for purchase to the party seeking to compel production). Trans Union states that any records related to the remaining materials requested (Trans Union's participation in the CDIA Metro 2 Task Force, data mapping to "scoring models," and Trans Union's use of artificial intelligence in dispute processing) involve Trans Union's "proprietary, trade-secret system architecture untethered to Plaintiff's file." (*Id.*) Plaintiff has not explained how this information, divorced from her particular dispute, would bear on her claims or Trans Union's defenses; as such, the requested production is disproportionate to the needs of the case, and so Plaintiff's motion directed to this information is **denied**.

4. Plaintiff's request for the scores, scoring models, and score factors that Trans Union furnished with its reports on Plaintiff to Customers Bank and Proceed Finance, Prosper Marketplace and WebBank, Upgrade, Inc., and LendingClub Bank and the basis on which

the score factors were generated is **denied**.[1] Trans Union responds that it does not maintain copies of such reports and recreating them would impose a heavy burden outweighing the needs of the case (ECF 193, Opp. ¶ 4), and Plaintiff has withdrawn her motion to compel as it relates to several of these requests (ECF 194, Reply ¶ 4). To the extent that Plaintiff has not withdrawn these requests, they are **denied as moot**. To the extent that she has not withdrawn these requests, Rule 34 reaches documents in a party's possession, custody, or control only. *See* Fed. R. Civ. P. 34(a)(1). Based on the representation that Trans Union does not have these documents, Plaintiff's motion to compel production of such documents is **denied**. Plaintiff may question Trans Union at deposition about the existence or not of the scores, scoring models, and score factors that Trans Union furnished to lenders. If Plaintiff learns at deposition that Trans Union has any such documents, she may raise the issue with the Court again if necessary after meeting and conferring with Trans Union.

5. Plaintiff's request that Defendant be compelled to answer interrogatories related to vendors and systems is **denied as moot** because Plaintiff has withdrawn her requests related to these documents. (ECF 194, Reply ¶ 6.) As to Plaintiff's request that Trans Union be required to be compelled to answer interrogatories related to ACDV Phase 3, the motion is **denied as moot** because Trans Union has agreed to supplement its response by December 4, 2026. (ECF 193, Opp. ¶ 5.)

[1] Plaintiff states that Trans Union served notice of subpoenas asking each of the above-mentioned lenders for documents and communications between the lenders and Trans Union related to the Plaintiff. (ECF 187, Mot. ¶ 4.) Trans Union has agreed to give Plaintiff the documents in receives in response to the subpoenas. (ECF 193, Opp. ¶ 8.)

6. Plaintiff's motion related to interrogatories 15, 16, 20, and 21 is **denied**. Plaintiff has withdrawn her motion to compel as to interrogatories 16 and 20, and so the motion as to those interrogatories is **denied as moot**. (ECF 194, Reply ¶ 6.) As to the motion to compel a response to interrogatory 15, Trans Union has agreed to supplement its response by December 4, 2026 to the extent it finds additional relevant, non-privileged information; accordingly, and so the motion to compel a response to interrogatory 15 is **denied as moot**. (ECF 193, Reply ¶ 6.) Interrogatory 21 is overbroad and disproportionate to the needs of the case, seeking documents related to an 18-year old case from the Central District of California, *White v. Experian Information Solutions, Inc*. Plaintiff argues that the ruling in that case addresses the circumstances at issue in this case. (ECF 194, Reply ¶ 3.) However, it is highly unlikely that any documents relating to such an old case would have any bearing on Plaintiff's claims or Defendants' defenses, and even if there was some limited relevance, the burden of gathering and reviewing this information would substantially outweigh any minimal relevance, so that requiring answers would be disproportionate to the needs of the case. Accordingly, the motion to compel a response to interrogatory 21 is **denied**.
7. Plaintiff's requests related to documents withheld by Trans Union, Trans Union's document retention, and the format of Trans Union's production are **denied**. Trans Union represents that it will (a) serve amended responses clarifying whether responsive documents are being withheld on the basis of an objection and (b) supplement its responses regarding document retention by December 4, 2026. (ECF 193, Opp. ¶ 7.) Therefore, Plaintiff's motion directed to withheld documents and document retention is

**denied as moot**. As to format, Plaintiff has withdrawn her requests related to form and orientation, and so that portion of her motion is also **denied as moot**. (ECF 194, Reply ¶ 6.)

8. Plaintiff's requests related to the non-party subpoenas are **denied**. Even if Plaintiff has a privacy interest in the information contained in the subpoenas, Trans Union has the right to request the information it seeks because that information is at the heart of the issues in the case. For example, the "Department of Education and Nelnet subpoenas seek the records of the very student loans, adversary proceeding, and Stipulation and Order on which Plaintiff's inaccuracy theory rests, including what those furnishers knew, when, and how they reported the loans." (*Id.* ¶ 8.) Furthermore, Trans Union has agreed to redact Plaintiff's birth date and the last four digits of her social security number from any produced document that it files on the docket, and any documents produced will be produced in accordance with the protective order (ECF 175); Trans Union has also agreed to provide Plaintiff with the documents produced in response to the subpoenas promptly after receipt. (ECF 193, Opp. ¶ 8.) Plaintiff may question Trans Union at deposition about any documents it received in response to the subpoenas. If Plaintiff learns at deposition that Trans Union has not produced any such documents to her promptly after receiving them, she may raise the issue with the Court again if necessary after meeting and conferring with Trans Union.

9. Plaintiff's request for her costs and expenses in connection with this motion is **denied**, since she was not successful on the motion; even if she had been, it is unclear what costs a pro se litigant would have in making a discovery motion.

Plaintiff is reminded that any additional motions to compel should follow the parties exhausting the meet and confer process to discuss any discovery disputes.

The Clerk of Court is respectfully requested to terminate **ECF 187**.

DATED: November 25, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge